UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Tamara Sexton,　　　　　　　　　　　　　　　　　　　　　　　No. 2:21-cv-01492-NJ

　　　　　　　　　　Plaintiff,

　　　　　v.

Target Corporate Services, Inc.; and TD
Bank USA, N.A.,

　　　　　　　　　　Defendants.

---

### DEFENDANTS' RESPONSE TO
### AFFIDAVIT OF COSTS AND FEES

---

This Court's order remanding this action provided that "[t]he plaintiff must submit an affidavit or other certification detailing the reasonable costs and fees incurred as a result of the removal within 10 days of the date of this order. The defendants will have 10 days from the date of the plaintiff's affidavit to respond." (Decision & Order [ECF Doc. 14] at 8.) The Defendants respectfully submit this response to the Affidavit of Shpetim Ademi in Support of Award of Attorney Fees (July 29, 2022) [ECF Doc. 15].

Response

The fee claim seeks recovery of fees of $16.772.50 — for 29.8 hours at a rate of $550, and 0.9 hours at a rate of $425. (ECF Doc. 15-1.)

The Defendants are familiar with the work of the Ademi firm and of John Blythin, who performed most of the work that is the claim's basis, and don't quibble with their hourly rates. But the number of hours is excessive, for two reasons: first, because it is out of line with comparable fee claims in this District; and second, because it double-bills for work that the Ademi firm already performed, and for which it was alrerady awarded fees, in a prior case.

I. **The fee claim is out of line with awards of fees for remands under 28 U.S.C. § 1447(c) and, as far as the Defendants can discovder, would be the second highest such award in this District.**

After the Court's order awarding costs and fees, the Defendants' attorney Brian Melendez reached out to Mr. Blythin, writing,

> John:
> Congratulations on an impressive win on your motion for remand. For the award of fees and costs, if you have a reasonable amount in mind, we're open to working it out informally, rather than having you prove it up and us trying to whittle it down through formal briefing. Please let me know if you're interested.

(Email from Melendez to Blythin (7/20/22) [Ex. A].) Mr. Blythin's partner Shpetim Ademi followed up a few days later and, in a conversation with Mr. Melendez, suggested a range to which the Defendants were amenable. But shortly after the call, Mr. Ademi wrote to Mr. Melendez that they would instead be seeking an amount outside that range.

2

There was no further discussion about the amount until the Ademi firm filed their fee claim a week later.

The Defendants ran a LEXIS search for awards based on such claims, searching for any reported case from this District where the terms "remand" and "fees" and "1447(c)" appeared in the same paragraph. The search returned 64 cases — most of which denied the claim for costs and fees outright, and a few of which mentioned an award but not the amount.[1] Twelve cases showed the amount awarded.

Those results accompany this response as Exhibit B. The fees awarded range from $470.91 to $19,303.04, with an average of $5,670.46, and a median between $2,760.42 and $5,302.00. The awards have trended upward over time, and the three awards from the last decade range from $776.00 to $13,150.00, with an average of $7,825,17 and a median of $9,549.50.

The Ademi firm's claim exceeds all but one of these awards — and that award is an outlier because it involved fact-intensive work that was not necessary in this case, including "24.0 hours searching and cross-referencing public records to determine whether the mortgage-holders that comprise the proposed plaintiff class were Wisconsin domiciliaries." *Simenz v. Amerihome Mortg. Co., LLC*, 544 F. Supp. 743, 747 (E.D. Wis. 2008). If that outlier is excluded, then the average award drops to $4,431.13 and the median drops to $2,760.42.

---

[1]Where a case mentioned an award but did not state the amount awarded, the Defendants' attorney also searched the case record in the CM/ECF system.

3

II.  **The fee claim double-bills for work that the Ademi firm already performed, and for which it has already been awarded fees, in a prior case.**

A claim for attorney's fees typically provides a detailed accounting of how the attorneys spent the time for which they are claiming fees. *See, e.g.*, *Simenz v. Amerihome Mortg. Co., LLC*, 544 F. Supp. 743, 747 (E.D. Wis. 2008) ("detailed billing records"); Fee Application Ex. A (ECF Doc. 28-1), *Hinrichs v. Dow Chem. Co.*, No. 2:16-cv-01284-PP (E.D. Wis. filed July 21, 2017). The Ademi firm's affidavit does not contain such detail, only a lodestar calculation. (*See* ECF Doc. 15-1.) But it is evident from the record that their time consists of their 14-page brief in support of their motion for remand (ECF Doc. 16) and their 7-page reply (ECF Doc. 18).

The Ademi firm didn't write their motion and reply from scratch, and Mr. Blythin wasn't researching uncharted or unfamiliar territory. They had advanced the same arguments that the Defendants made in this case, in a case where they were arguing in favor of standing. *See* Pl.'s Br. Opp'n Def.'s Mot'n Dismiss (ECF Doc. 13), *Slomanski v. Alliance Collection Agencies, Inc.*, No. 2:20-cv-00956-WED (E.D. Wis. filed Sept. 30, 2020) (brief signed by John D. Blythin). More to the point, they had filed substantially the same motion that they filed in this case, making substantially the same arguments, in a prior case, *Masnak v. Option Solutions, LLC*. *See* Pl.'s Br. Supp. Motion Remand (ECF Doc. 16), *Masnak*, No. 2:21-cv-00680-JPS (E.D. Wis. filed Feb. 16, 2022). Their motion in this case was largely cut and pasted from their motion in the *Masnak* case.

A side-by-side comparison of numerous excerpts from the Ademi firm's briefs in the *Masnak* case and its motion in this case accompanies this response as Exhibit C. The

4

comparison shows that, except for the parties' names, the lion's share of the briefs in both cases are word for word the same.

The *Masnak* court also awarded fees to the Ademi firm in connection with their motion for remand. Order (ECF Doc. 19), *Masnak* (E.D. Wis. Apr. 13, 2022). The Ademi firm has already been paid for the much of the work that they recycled for this case. So their fee claim seeks fees for 30.7 hours of work to produce 21 pages of briefing, most of which was cut and pasted from another case for which they had already been paid.

The remand statute provides only for "payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal*." 28 U.S.C. § 1447(c) (emphasis added). The Ademi firm is asking to be paid twice for those expenses, even though the work was performed in a prior case and not "as a result of the removal" in this case. An attorney could not ethically bill its own client for the same work twice, so this Court should not allow the Ademi firm to bill the Defendants for work for which they have already been paid.

## Conclusion

The Ademi firm's claim for fees is excessive, both because it is out of line with comparable fee claims in this District, and because it double-bills for work that the Ademi firm already performed and for which it was alrready awarded fees in a prior case. The Defendants therefore ask that this Court reduce the claim by at least two-thirds, and award not more than $5,590.83 — an amount that is more in line with historical fee awards under 28 U.S.C. § 1447(c) in this District, and that will still compensate the Ademi firm for the expenses that were actually incurred as a result of the removal.

August 8, 2022.

BARNES & THORNBURG LLP

/s/ Brian Melendez

_____
Brian Melendez, No. 0223633 (Minn.)
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorney for Defendants

6

EXHIBITS

| Ex. | Document |
|---|---|
| A | Email from Brian Melendez to John D. Blythin (July 20, 2022) |
| B | Historical Fee Awards Under 28 U.S.C. § 1447(c) in U.S. District Court for the Eastern District of Wisconsin |
| C | *Masnak* and *Sexton* briefs: Side-by-side comparison |